Dear Mr. Gooding:
On behalf of the Ocala City Council, you ask the following question:
Is the City of Ocala authorized to lease property at the city airport for a term of more than 30 years for non-aeronautic purposes?
You state that the Ocala International Airport is a general aviation facility that is publicly owned and operated by the City of Ocala. The city is considering leasing portions of the airport to private entities for non-aeronautic purposes, including the construction of manufacturing facilities on some parcels and the development of other parcels as an industrial park. Some prospective tenants have asked for lease agreements that exceed 30 years. You, therefore, ask whether the city may lease airport property for more than 30 years.
According to your letter, section 1.06 of the city charter permits the city to "sell, lease, hold, manage, rent, control or dispose of any and all property, either real or personal, in any manner it may see fit." You refer to sections 332.08(3) and (4), Florida Statutes, relating to property acquired for airport purposes.
Section 332.08, Florida Statutes, provides:
"In addition to the general powers in ss. 332.01-332.12 conferred and without limitation thereof, a municipality which has established or may hereafter establish airports, restricted landing areas, or other air navigation facilities, or which has acquired or set apart or may hereafter acquire or set apart real property for such purposes, is hereby authorized:
* * *
(3) To lease for a term not exceeding 30 years such airports or otherair navigation facilities, or real property acquired or set apart forairport purposes, to private parties, any municipal or state government or the national government, or any department of either thereof, foroperation; to lease or assign for a term not exceeding 30 years toprivate parties, any municipal or state government or the national government, or any department of either thereof, for operation or useconsistent with the purposes of ss. 332.01-332.12, space, area,improvements, or equipment on such airports; to sell any part of such airports, other air navigation facilities, or real property to any municipal or state government, or the United States or any department or instrumentality thereof, for aeronautical purposes or purposes incidental thereto, and to confer the privileges of concessions of supplying upon its airports goods, commodities, things, services, and facilities; provided, that in each case in so doing the public is notdeprived of its rightful equal and uniform use thereof.
(4) To sell or lease any property, real or personal, acquired forairport purposes and belonging to the municipality, which, in thejudgment of its governing body, may not be required for aeronauticpurposes, in accordance with the laws of this state, or the provisionsof the charter of the municipality, governing the sale or leasing of similar municipally owned property." (e.s.)
Subsection (3) of the statute refers to the lease of an airport, airport facilities, and airport property for operation as well as the lease of space, improvements, and equipment on such airports for the purposes of sections 332.01-332.12, Florida Statutes, which address the establishment and operation of airports by a municipality.[1] Should a municipality lease such property, subsection (3) limits the term of the lease to no more than 30 years and requires that in taking such action "the public is not deprived of its rightful equal and uniform use" of the property. Thus, the subsection appears to relate to leases for aeronautical purposes.
In contrast, subsection (4) of the statute addresses leases of property which was acquired for airport purposes, but which is not required for such purposes. Such property may be disposed of in accordance with state law or the city charter. The subsection does not impose a 30-year limit on such a lease.
According to your letter, the property in question is not needed for airport purposes and would be leased for non-aeronautic purposes. Thus, the provisions of section 332.08(4), Florida Statutes, would appear to govern these leases. As noted above, the city charter allows the lease of municipal property in any manner it may see fit. I am not aware of any state statute, nor have you brought such a provision to the attention of this office, that would prohibit the city from entering into such a lease for a term in excess of 30 years.
You refer to Attorney General Opinion 94-96, in which this office considered whether Dade County could lease the non-airfield portion of the county airport to a private party for more than 30 years.[2] The opinion considered the provisions of sections 332.08(3) and125.35(1)(a), Florida Statutes, and concluded that since section125.35(1)(a) was enacted later in time and was a more specific expression of legislative intent, it controlled, thus authorizing the county to grant a lease to a private party for operating and developing the non-airport portion of the county airport for a term of more than 30 years.
Attorney General Opinion 94-96, however, concerned the lease of property which, although not a part of the actual airfield, was being used for airport purposes. This office was advised that the lease would be an aeronautical lease as the entire property was required to be used for aeronautical or aviation purposes, including both the non-airport portion and the airfield portion. Thus, since the lease was for aeronautical purposes, subsection (3) rather than subsection (4) of section 332.08, Florida Statutes, was considered. In the instant inquiry, however, the lease of property is clearly for non-aeronautical purposes; thus, the provisions of section 332.08(4), Florida Statutes, would appear to be applicable.
Accordingly, I am of the opinion that the City of Ocala is authorized to lease property at the city airport for a term of more than 30 years for non-aeronautic purposes.
Sincerely,
Bill McCollum Attorney General
BM/tjw
[1] See s. 332.01(2), Fla. Stat., defining "Airport purposes" to include the "airport, restricted landing area, and other air navigation facility purposes."
[2] See s. 332.01(1), Fla. Stat., defining "Municipality" to include a county.